# Landrum v. Cockrill.

(Decided Feb. 23, 1937)

E. C. HYDEN for appellant.

CHESTER A. BACH for appellee.

OPINION OF THE COURT BY JUDGE BAIRD—Affirming.

This action was instituted in the Breathitt circuit court by W. J. Landrum, appellant, against S. J. Cockrill, appellee, to enforce a contract that they entered into, which will be later set out and referred to in our opinion.

The appellant and appellee were opposing candidates for the Democratic nomination for jailer in Breathitt county at the primary election held on the first Saturday in August, 1929. Cockrill received the majority of votes and was given the certificate of nomination by the proper authorities. Appellant instituted a contest proceeding against appellee. While that action was pending, appellant and appellee entered into the following written agreement:

"This agreement made and entered into this, the 3rd day of November 1929, by and between W. J. Landrum and S. J. Cockrill, witnesseth:

"That whereas, the parties to this agreement were opposing candidates at the August Primary 1929, for the Democratic nomination for jailer of Breathitt County, and whereas, there is now a contest pending between them over said nomination. Now the said W. J. Landrum agrees to dismiss said contest proceeding, and not to prosecute same further.

"It is agreed that if the said Cockrill is elected to said office at the general election 1929, he agrees to divide the proceeds and emoluments of said office equally with the said Landrum.

"Said Cockrill, out of the fees of said office is to first deduct the expenses of said general election, and after the payment of reasonable expenses for the conduct of said office, said Cockrill agrees to divide with said Landrum all fees and other emoluments derived from said office.

"Said office is to be conducted under the supervision of both of the parties hereto.

"Executed in duplicate, this the day and date first herein written.

"[Signed] W. J. Landrum
"[Signed] S. J. Cockrill."

On July 20, 1935, appellant instituted this action in the Breathitt circuit court alleging that appellee had breached his contract in refusing to divide the proceeds of the said office with him from the time he took charge of the office from the first Monday in January, 1930, until the 31st day of December, 1933, a term of four years. He alleged that one-half of the amount received by Cockrill for the whole time was $20,000; that he, the appellant, was entitled to the sum of $5,000, with interest, from January 1, 1931, until paid; $5,000, with interest, from January 1, 1932, until paid; $5,000, with interest, from January 1, 1933, until paid; and $5,000, with interest, from December 31, 1933, until paid. He alleged further that, after appellee assumed the duties of the office, he (the appellant) appeared and notified appellee that he was ready and willing to assist him in the conduct of said office and in the joint supervision of same; that appellee refused to permit him to have anything to do with the office.

A general demurrer was filed to the petition. Before it was passed upon, appellant tendered an amended petition.. Objection was made to its filing, but it was marked, tendered, and offered to be filed. The court reserved its ruling as to the filing of said amended petition. Later, the court permitted said amended petition to be filed. A demurrer was filed to the petition as amended. The amended petition contained the following allegations.

> "It was contemplated and agreed by and between appellant and appellee, that upon Cockrill's induction into the office of jailer, he would appoint him deputy and allow him to assist in the management and operation of said office, and for his services he would recover one-half of the proceeds of said office as the same were collected and received by him, Cockrill."

A demurrer was sustained to the petition as amended, to which ruling the appellant excepted and declined to plead further. It was then ordered by the court that the petition and amended petition be dismissed with the judgment, costs, etc., expended.` From that judgment the appellant appeals to this court.

The only question before us: Is the contract sued on valid and enforceable? We are of the opinion that the contract does not violate what is generally known as the Corrupt Practice Act, section 1565b-1 et seq., Kentucky Statutes, for the reason as decided in the case of Van Meter v. Burns, 176 Ky. 153, 195 S. W. 470, and approved in Roberts v. Sturgill, 257 Ky. 194, 195, 77 S. W. (2d) 789, 192, that the Corrupt Practice Act does not apply to voting for individuals to an office, but only makes it unlawful to vote for or support any particular thing or measure in consideration for the vote, or the support, financial or moral, of a corporation, association, or person in any election, primary, or convention. The Legislature by that act never intended to make it unlawful for a candidate for an office to agree to appoint a particular person to an office or position or to support a particular person for an office or position in an election. Therefore, this contract could not be construed to be invalid or unenforceable on account of the Corrupt Practice Act, supra. The question then arises: Is it a violation of section 3740, Kentucky Statutes? Counsel for appellant confidently

contends that section 3740 does not apply, and for that reason offers no argument at all. It is contended, however, that the contract set out in the case of Roberts v. Sturgill, supra, was identical with the contract in controversy. However, when we critically compare the two contracts, we find a wide difference. We must not overlook another significant fact that we discover in examining the Roberts Case. In that case the contract was attacked only on one idea, that it was invalid from the issues raised on the ground that Sturgill was guilty of violating the Corrupt Practice Act, section 1565b-1 et seq., Kentucky Statutes.

On reading the Roberts **v. Sturgill Case, supra,** we find that the court said:

"Not every contract which a candidate for an office enters into comes within the purview of the Corrupt Practices Act, though it may be within the meaning of section 3740."

This quotation indicates that possibly the contract in that case would have been decided in violation of section 3740, had the pleadings and issues been so presented. In any event, we think the contract before us is so dissimilar to the contract under consideration in the Roberts v. Sturgill Case that nothing in that case militates against this contract being in violation of section 3740, Kentucky Statutes. The contract here is a direct and explicit agreement on the part of appellant and appellee that in consideration of the dismissal of the contest proceeding, and in the event of the election of Cockrill at the general election in November, 1929, appellant will become a partner or a joint owner with Cockrill not only in the management of the office but in the selection and fixing of salaries of assistants necessary in the running of said office for four years. There is nothing in the contract by which we can assume that, after Cockrill becomes jailer of Breathitt county, it then becomes his duty under said contract to appoint the appellant deputy; but, on the other hand, the contract specifically provides that "said office is to be conducted under the supervision of both of the parties hereto." Therefore, when Cockrill was elected and took charge of the office, appellant under said contract had the same rights in the management and control of the office as Cockrill himself, and had the same authority to select clerks and assistants and to fix their com-

pensation as Cockrill and the same rights to one-half of the fees and emoluments of the office. Section 3740. This section specifically provides that:

"No office or post of profit, trust or honor under this Commonwealth, whether civil or military, legislative, executive, ministerial or judicial, nor the deputation thereof, in whole or in part, shall be sold or let to farm by any person holding or expecting to hold the same. Such person so selling or letting, and the person so buying or receiving the letting, or with whose knowledge the same has been bought for him by another, shall be disqualified from holding such office or post, or the deputation thereof, and, upon conviction, shall be expelled therefrom."

We are unable to see how any contract could be written that could be more in conflict with section 3740 than the one under consideration. Such an agreement as this is contrary to public policy and void. The consideration for the dismissal of the contest proceeding is an illegal agreement, and is not only an agreement against public policy, but squarely in violation of the specific provisions contained in section 3740. If, after the election of Cockrill, Landrum had refused to comply with his part of the contract, Cockrill could not have compelled him to do so, nor could he have sued upon said contract and recovered. Any agreement that is not enforceable by both contracting parties is void.

After due consideration of the contract relied upon, we have no hesitancy in saying that it is illegal and against public policy. It follows, therefore, that no error was committed in sustaining the demurrer to the petition and the petition as amended.

Judgment affirmed.